**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF GET | * | CIVIL ACTION NO: NO.  3:20-CV-310 |
| HOOKED CHARTERS, LL | * | |
| AND MELODY SHORT, | * | JUDGE: JEFFREY V. BROWN |
| AS OWNERS AND/OR OPERATORS | * | |
| OF THE F/V 2008 21' KENNER | * | MAGISTRATE: ANDREW M. EDISON |
| EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY | * | ADMIRALTY |

**MEMORANDUM IN SUPPORT OF ANTHONY CANALITO'S**
**MOTION FOR LEAVE TO FILE OUT-OF-TIME ANSWER**
**AND CLAIM IN LIMITATION**

**MAY IT PLEASE THE COURT:**

For the reasons noted below, Anthony Canalito ("Canalito") respectfully seeks leave from this court to file his Out-of-Time Answer and Claim in Limitation.

In sum, Canalito was named and served in parallel State Court proceedings after the original monition date of December 7, 2020 as set forth in the "Order Approving Limitation, Plaintiff's Stipulation for Value and Limitation Bond, and Directing Issuance of Notice and Restraining Prosecution of Claim." (Rec. Doc. 4).  Further, at no time prior to December 7, 2020, did Canalito receive notice of the Limitation proceeding or that he was a co-defendant with Limitation Plaintiffs.  In fact, it was not until May 28, 2021 when plaintiff in the parallel state Court proceeding named Canalito as a defendant.  It was only at that time that Canalito learned for the <u>first time</u> that specific basis and allegations of fault were being asserted against him by Nicholas Eggleston, plaintiff in State Court proceeding.

Once the specific allegations were known and once Canalito was able to retain counsel, it became apparent that Canalito has a recognized Claim in the limitation proceeding against Limitation Plaintiffs, Get Hooked Charters, LLC and Melody Short.

- 1 -

## FACT PROCEDURAL BACKGROUND

On or about September 7, 2019, Claimant in Limitation, Nicholas Eggleston ("Eggleston") alleges severe and disabling personal injuries while aboard the F/V 2008  21' Kenner ("Vessel") while located on navigable waters near Galveston, Texas.   Limitation Plaintiffs, Get Hooked Charters, LLC and Melody Short, filed its Complaint in Limitation on October 6, 2020.  In connection with seeking approval of security and restraining prosecution of claims, this Court established a monition date of December 7, 2020 for any and all parties to file their Answers and Claims. (Rec. Doc. 4).  In connection therewith, Eggleston filed an Answer and Claim on December 7, 2020.  Eggleston's Answer and Claim did not include a Third-Party Complaint against Canalito.

Limitation Plaintiffs' filed its Complaint after Eggleston filed suit against Get Hooked Charters, LLC on May 13, 2020 in the 56th Judicial District Court of Galveston County. Eggleston asserts negligence and unseaworthiness claims.  He claims he was thrown into the side of the Vessel, sustaining an injury as a result.  Eggleston seeks monetary relief in excess of $1 million for past and future pain, mental anguish, impairment, distress, loss wages, loss of consortium and loss of household services.

The alleged incident arose out of a chartered fishing trip booked by Eggleston with Get Hooked Charters, LLC.  Canalito was the operator of the Vessel at the time Eggleston alleges injury.  Eggleston further alleges that he sustained personal injury as the result of the improper operation of the Vessel, failure of Get Hooked Charters to properly train its employees, failure to provide proper equipment, and failure to maintain, inspect or repair the Vessel in question.  As such, and to the extent Eggleston can carry the burden of proof, Canalito has a claim for indemnity and contribution against Get Hooked Charters, LLC and/or Melody Short, as owners and operators of F/V 2008 21' Kenner.

- 2 -

The monition period expired December 7, 2020.  Canalito was never provided notice of the Limitation proceeding and/or that he was a target defendant during the pendency of the Limitation proceeding.  After Eggleston filed its Answer and Claim, Limitation Plaintiffs filed an *Ex Parte* Motion for Entry Order of Default (Rec. Doc. 11).  The Order was granted on December 10, 2020 (Rec. Doc. 14).  In the interim, Eggleston filed an Unopposed Motion to Dissolve the Limitation Injunction (Rec. Doc. 12), which Motion was granted on December 10, 2020.  (Rec. Doc. 15).  Thereafter, the Limitation proceeding was Administratively Closed pending further proceedings in the 56th Judicial District Court, Galveston County, Texas.

On or about May 28, 2021, Eggleston filed Plaintiff's First Amended Petition naming Canalito a defendant.[1]  Eggleston asserted causes of action, to include but not limited to, improper operation of the Vessel, operating the Vessel in an improper and unsafe manner, failure to provide adequate safety equipment, Vessel negligence, and numerous other acts of negligence.  Thereafter, Eggleston pled joint and severable liability.[2]  After being served and retaining counsel, Canalito filed its "Special Exceptions, Original Answer and Request for Disclosure" November 18, 2022.  In connection therewith, Canalito also obtained the aforementioned Limitation pleadings and a previously entered "Discovery and Docket Control Order" in the State Court proceeding dated November 4, 2021.

Standard to the filing of a Limitation action is the requirement that notice be provided by the Limitation Petitioner to potential Claimants.  In this instance, Canalito was never provided notice by the Limitation Plaintiffs.  Canalito notes that this is not meant to be taken as an allegation of fault or blame against those Limitation Plaintiffs.  Instead, it is more likely that the Limitation Plaintiffs recognize Eggleston's original State Court Petition did not name Canalito as

---

[1] Exhibit A – First Amended Petition.

[2] Exhibit A, ¶¶ 6 and 9, respectively.

- 3 -

a defendant and therefore had no reason to believe Canalito would have a claim.[3]  Instead, the first notice that Canalito received regarding any lawsuit was when it was served on June 22, 2021 with an Amended Petition filed by Eggleston in State Court in the parallel State Court proceedings.[4]  Service on Canalito was months after the monition period that had been set by the Court and, more specifically, more than five (5) months after the last monition period of December 7, 2020.  Similarly, Eggleston did not file a Third-Party Demand when filing his "Answer and Claim" in the Limitation proceeding, notwithstanding allegations of improper operation of the Vessel in the original parallel State Court Petition.

As outlined below and in the proposed "Answer and Claim," Eggleston has a Claim for contribution and indemnity against Limitation Plaintiffs under the General Maritime Law.  These claims however were not known until well after the monition period and prior to that, Canalito had no basis to believe he would be named as a defendant.  Accordingly, because cause exists, Canalito should be permitted to file his Out-of-Time Answer and Claim.

## LAW AND ARGUMENT

Supplemental Admiralty Rule F(4) of the Federal Rules of Civil Procedure provides that the court many "'enlarge the time within which claims may be filed' for 'cause shown' and that this determination is within the discretion of the district court.  The Fifth Circuit has held that late claims should be allowed as long as 'the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected.'"  *See Texas Gulf Sulphur Co. v. Blue Stack Towing Co.,* 313 F.2d 359, 362 (5th Cir. 1963) (internal citations omitted.)  The Fifth Circuit has provided district courts with a three-step process to use in determining the presence of such cause:  "(1) whether the proceeding is pending and undermined; (2) whether granting the

---

[3] Exhibit B – Original State Court Petition

[4] Exhibit C – Return on Anthony Canalito dated June 22, 2021.

motion will adversely affect the rights of the parties; and (3) the claimant's reasons for filing late." *Golnoy Barge Co. v. M/T SHINO USSA*, 980 F.2d 349 (5th Cir. 1993) (*per curiam*), *see also Tex. Gulf*, 313 F.2d at 362-63 ("we readily accept the guiding principle . . . that 'so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims' . . . upon a showing of the reasons therefor.") (internal citation and quotation marks omitted).  Whether to permit an out-of-time Claim falls within the Court's discretion and is based on a "equitable showing." *See Tex. Gulf*, 313 F.2d at 363.

Considering the facts, Canalito submits that he has made the necessary equitable showing.  The first prong is satisfied as the matter – and, more specifically, the issues of liability and Limitation that are before Court – remains pending and undetermined.  No final determination has been made by this Court on either issue.  The second prong is also satisfied as no party's rights have been adjudicated in either proceeding and there has been no final determination of liability or allocation of fault.  To the contrary, the Limitation Plaintiffs are seeking determinations from the Court with respect to potential liability and the allocation of fault, and the Limitation Plaintiffs have asked the Court to determine liability and/or limitation of liability.  Canalito's claim does not affect that; in fact, to the contrary, it is fundamentally linked to this Court's determination of its rights under the Limitations of Liability Act.  As noted in the Claimant's Unopposed Motion to Dissolve the Limitation Injunction, "Claimant will not seek to enforce any judgment rendered in the State Court proceedings in excess of $17,450 until this Court has adjudicated the Petitioner's right to limitation of liability under the LOLA. (Rec. Doc. 12).

16

It is important that Canalito be permitted to file its Claim so that the Court may decide the core issues which include not only the Vessel owner's Limitation claims, but also, the liability and limitation of liability in connection with all potential parties.

Lastly, the third prong is also satisfied.  Canalito's failure to previously file an Answer and Claim was not the result of knowing delay, but rather a lack of notice and a lack of any allegations of fault against Canalito by any other party.  Canalito submits that he has shown sufficient cause to permit the filing of its various Out-of-Time Answer and Claim.

## CONCLUSION

For the reasons noted, Canalito prays that this Court grant it leave, permit its appearance, and allow him to file the attached proposed pleadings in this matter.

Respectfully submitted, this 14th day of April, 2022

DAIGLE FISSE & KESSENICH, PLC

BY:     */s/Michael W. McMahon*
        MICHAEL W. McMAHON (24044065)
        P. O. Box 5350
        Covington, Louisiana  70434-5350
        Telephone:  985/871-0800
        Facsimile:   985/871-0899
        Email:  mmcmahon@daiglefisse.com

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic notice in accordance with Local Rules to those counsel receiving electronic notice, and all others by depositing same in the United States Mail, postage prepaid and properly addressed, this 14th day of April, 2022.

*/s/Michael W. McMahon*
MICHAEL W. McMAHON